Kaplan, Mitchell H., J.
This is an appeal under G.L.c. 30A, §14 of a decision of the defendant Massachusetts Civil Service Commission (the Commission). The plaintiff Massachusetts Department of Correction (the Department), through its Commissioner, issued a decision finding that its employee, defendant Dennis Hansbury, violated the Rule 15(b) of the Department’s Rules and Regulations Governing All Employees (the Rules) and ordering that he be suspended for five days and pay restitution in the amount of the cost of replacing a window which he broke. Hansbury appealed the Department’s decision to the Commission. The Commission reversed, and the Department filed this action. The case is before the court on the Department’s motion for judgment on the pleadings and Hansbury’s cross motion urging that the Commission’s decision be affirmed. For the reasons that follow, the Commission’s decision is AFFIRMED, in part, and VACATED, in part.
FACTS
On October 9, 2004, Hansbury was performing his duties as a correctional officer at MCI-Concord collecting softballs in the yard following a recreational period for inmates. He was throwing the softballs to another officer in a tower, missed his target, and struck a window shattering it. It seems that Hansbury had a prior history of disciplinary matters with the Department. Hansbury’s superior recommended discipline, and a disciplinary hearing was convened before a hearing officer within the Department. During the hearing, Hansbury admitted throwing the softball that broke the window and that he knew that he should not have been throwing softballs, but asserted that he did not think that a window could break because he believed that they were made of plexiglass. The hearing officer found that Hansbury had violated Rule 15(b) which states, in relevant part, that: “You will be liable for any willful destruction, loss, waste, or damage by you of state property.” (Emphasis supplied.) The hearing officer recommended that Hansbury receive a five-day suspension and be ordered to pay restitution (which was later determined to be $972) within sixty days. Further, a failure to pay restitution within that period should result in termination. The Commissioner adopted the hearing officer’s findings and recommendations in her decision, which she issued on March 28, 2005. Hansbury then timely filed an appeal to the Commission.
The Commission convened a hearing on June 5, 2008, at which it heard testimony and received exhibits in evidence. On November 23, 2010, it issued a decision reversing the Department, both with respect to the suspension and the restitutionaiy order.
DISCUSSION
In general, when reviewing an administrative agency’s decision, a court must give “due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.” G.L.c. 30A, §14(7). The court may set aside or modify an agency decision only if it determines that the substantial rights of a party may have been prejudiced because the agency decision failed to meet certain standards enumerated in §14(7), including that the decision: violated constitutional provisions; was in excess of statutory authority; based on an error of law; or was arbitrary or capricious or an abuse of discretion.
In this case, while the Department is not specific on the §14(7) ground for its appeal of the Commission’s decision, it appears to base its appeal on an asserted error of law by the Commission. The Commission’s decision expressly turns on its interpretation of the word “willful” in Rule 15(b). The underlying facts do not appear to be in dispute. Hansbury was negligent, perhaps reckless, in throwing the softball in the general direction of the window. The Department concluded that this violated the Department’s prohibition “on willful destruction, loss, waste, or damage by you of state property.” Id. (emphasis supplied). The Commission, however, found that “willful” meant intentional, that is, in this case, an act by Hansbury undertaken with the intention of breaking the window, and that the Department “presented no evidence that [Hansbury] willfully broke the window . . . While [Hansbury’s] behavior may have exhibited poor judgment or negligence, it does not rise to the level of willful.” The Commission’s conclusion that willful, as used in Rule 15(b), means intentional is not an error of law. To the contrary, its construction is consistent with Massachusetts jurisprudence.
The Department points to cases, such as, Sandler v. Commonwealth, 419 Mass. 334, 335 (1995), in which the *276 Supreme Judicial Court approved of instructions to a juiy that define “wilful, wanton, or reckless” conduct as conduct that is generally reckless. In so doing, however, the court has expressly noted the difference between wilful, i.e., intentional misconduct, and reckless conduct: “The judge used the words ‘wilful, wanton, or reckless’ in instructing the jury but defined them by the standard this court has used for wanton or reckless conduct. This was appropriate because wilfulness in the sense of an intention to cause harm was not presented by the facts. Indifferent or reckless wrong doing is not deliberate or intentional wrongdoing.” IcL (internal quotations and citations omitted). See also Gauvin v. Clark, 404 Mass 450, 455 (1989) (discussing conduct that might involve “willfullness or a reckless disregard of safety.” Rule 15(b) does not include the words reckless orwanton. These cases, cited by the Department, do not stand for the proposition that the word “willful” mea;M_abdltentional.
The Department argues that it should have been accorded deference in its interpretation of the word willful in its own rules, but deference does not include adopting a meaning for a word that is different than its customary usage. The Commission did not commit an error of law when it found that Hansbury did not violate Rule 15(b) when he threw the softball and unintentionally broke the window.
The Department next argues that even if it was wrong in its conclusion that Hansbuiy had violated Rule 15(b), the Commission nonetheless committed an error of law in vacating the order of suspension. At the hearing before the Commission, the Department had the burden of proving by a preponderance of the evidence that “there was reasonable justification for the action taken... That standard gives the commission some scope to evaluate the legal basis of the appointing authority’s action, even if based on a rational ground.” Cambridge v. Civil Service Commission, 43 Mass.App.Ct. 300, 303 n.3 (1997) (internal citations and quotations omitted). The Department argues that its action was justified because, in any event, Hansbury violated the Department’s Rule I, which states: “Improper conduct affecting or reflecting upon any correctional institution or the Department of Correction in any way will not be exculpated whether or not it is specifically mentioned and described in these rules and regulations.” It is clear, however, from the hearing officer’s report to the Commissioner, on which she based the Department’s decision, that this general statement was not the basis for disciplinary order, as it is not even mentioned in the hearing officer’s report, but rather the hearing officer based his recommendation on his finding that Hansbuiy had violated Rule 15(b). Moreover, while the Department may have been concerned by Hansbuiy’s past infractions (a great deal of documentary evidence concerning these was presented to the Commission), it is quite frankly difficult to argue that throwing a softball to a guard on a tower and mistakenly hitting a window constitutes conduct that negatively reflects on MCI-Concord or the Department.
Turning to the order that Hansbuiy pay restitution for the cost of replacing the broken window, the Department argues that the Commission did not have jurisdiction to review the restitution order. The court agrees. G.L.c. 31, §41 sets out the rights of a civil service employee who has been discharged, removed, suspended for a period of more or less than five days, laid off, transferred from his position, lowered in rank or compensation, or had his position abolished. These rights include the right to a hearing within the appointing authority. “If it is the decision of the appointing authority, after hearing, that there was just cause for an action taken against a person pursuant to the first or second paragraphs of this section, such person may appeal to the commission as provided in section forty-three.” Id. Under §43, if the commission determines that the appointing authority has not carried its burden of establishing just cause for its action against the employee, “the person concerned shall be returned to his position without loss of compensation or other rights . . .” It appears clear from the language of sections 41 and 43 that the Commission has jurisdiction to review the decisions of an appointing authority that involve suspension from employment or the loss of a civil service job, not any decision that might be construed as disciplinary in nature. In consequence, the Commission lacked the authority to review the Department’s decision that Hansbuiy must pay for the broken window.
Hansbuiy argues that because the Department linked its decision to suspend him and that he pay restitution, the Commission had the statutory authority to review it. The court finds, however, that the Department’s decision to address suspension and restitution at the same time does not expand the legislature’s grant of authority to the Commission. Hansbuiy may have rights under a collective bargaining agreement, or through some other procedure to contest the Department’s order that he pay for the window. Hansbury, perhaps, could have refused to pay for the window, and if the Department then discharged him, then asserted his right for review under §43. The legislature, however, did not give the Commission jurisdiction to review an appointing authority’s order that its employee pay for a window that was admittedly broken as a result of the employee’s negligent conduct.
ORDER
For the foregoing reasons, the Department’s motion for judgment on the pleadings is ALLOWED, in part, and DENIED, in part. Final judgment shall enter: (1) affirming the Commission’s decision that the Department did not carry its burden of establishing just cause for the suspension and directing the Department to return Hansbuiy to his position, without any loss of pay or other benefits; and (2) vacating the Commission’s finding that the Department repay Hansbuiy the $972 that he paid as restitution for breaking the window.